# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 16 COURT STREET<br>35TH FLOOR<br>BROOKLYN, NEW YORK 11241 | Tel: (718) 246-2900<br>Fax: (718) 246-2903<br>Email: mhueston@nyc.rr.com |

September 22, 2023

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 15C
New York, New York 10007

> REQUEST GRANTED.
> Ms. Siegel is permitted to appear remotely by telephone for tomorrow's conference by dialing into the Court's teleconference line at 888-251-2909 and using access code 2123101.
>
> 9/26/2023
>
> SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

Re: *United States v. Siegel*, 23 Cr. 207 (LJL)

Your Honor:

I represent Ms. Danielle Siegel in the above-referenced case.

Regarding the parties' September 27, 2023, 2:00 p.m. conference, I request that Ms. Siegel, who resides in Texas, appear remotely, or in the alternative that our conference be adjourned three-weeks for her to appear in person.

As for the first request, it is my understanding that Ms. Siegel has minor children who live with her, and traveling to and from the district for the conference would be disruptive for her family. Further, she has been found to be indigent, needing assigned counsel. In addition, we anticipate that no substantive arguments will be made on the court date. This request meets the requirements of Fed. R. Crim. P. 43(b)(3) (When Not Require) ("*Conference or Hearing on a Legal Question.* The proceeding involves only a conference or hearing on a question of law.").

Ms. Siegel understands that she has a right to attend the conference and waives that right. We will be prepared to discuss our motions at the conference and set a schedule, as the Court and the parties had previously anticipated.

Regarding Robert Ricci, Jr.'s emails referencing a family court proceeding, Mr. Ricci has not filed a notice of appearance in this case. He has no standing to make any arguments about this case. Further, there has been no application to revoke Ms. Siegel's bond for violating her conditions. *See* Doc. No. 5. However, if the Court has a concern, I suggest that the best course would be for the parties to convene on September 27, 2023 – with Ms. Siegel still appearing virtually – and discuss any violation of her bond conditions. If the Court requires Ms. Siegel's personal appearance, then I request an adjournment since she is an indigent defendant, and I understand that I would need to have travel orders approved and help coordinate her travel to the extent I am able to do so.

The Honorable Lewis J. Liman                                                                                         *U.S. v. Siegel*
September 22, 2023

   As background regarding obtaining travel authority, the United States Marshals Service has the statutory obligation to transport financially eligible defendants to the place of court proceedings but is not authorized to fund subsistence in-district or return travel.  *See* 18 U.S.C. § 4285 and the U.S. Marshal's Service Public Defender's Handbook.  The Bail Reform Act is similarly unavailable to provide lodging by court order as lack of client resources is not a statutory basis for pretrial detention.  18 U.S. Code § 3142.  The judiciary has long recognized the gap in current authorities to fund lodging and return travel for out-of-custody CJA-eligible defendants residing long distances from court proceedings and has recommended statutory reform in this area.  E.g., JCUS MAR-93, p. 28; *Report of the Ad Hoc Committee to Review the Criminal Justice Act* (Cardone Report), Sec. 12, pp. 236-40.  The passage of a legislative fix is also a long-standing strategic goal of the Defender Services Committee.  *Outline of the Defender Services Program Strategic Plan* (DCN link), Goal 3, Strategy 8.)  To date, Congress has not passed legislation to remedy this situation.  E.g., H.R.8124 - Criminal Judicial Administration Act of 2020, 116th Congress (2019-2020) (Rep. H. Jeffries (D-NY8), Sponsor; Rep. R. Martha (R-AL2), Cosponsor), passed the House last congress but expired in the Senate.  *See also* H. Rept. 116-534 at p. 2.)

   The Defender Services Organization ("DSO") appropriation extends to representational expenses under the CJA and related statutes.  The appropriation is not available to assist with court proceedings or other non-representational purposes.  As such, any funding for client travel would need to be in support of an independent defense representational purpose and not subsistence and return travel for a court proceeding only.  DSO's guidance has been that federal defender organizations and CJA panel attorneys can expend funds for client travel where bringing the client to the attorney's location, rather than sending the defense team to the client's location, is the most cost-effective way to achieve a representational activity.  For example, the attorney may have confidential and secure meeting space, ready access to case files and disclosure, the assistance of paralegals and other staff, and other advantages over traveling to a client's home location for attorney-client meetings.

   While CJA funds cannot be used for the sole purpose of facilitating a CJA client's court appearance, an independent defense-specific purpose for client travel could support the use of Defender Services funds.  The fact that a CJA client may also have additional case-related activities in the district (such as a court hearing or a proffer meeting with the government) would not eliminate the independent defense purpose.  Such independent defense activities (such as necessary attorney-client conferences outside of court or review of discovery and disclosure at the attorney's office) could therefore, on a case-by-case basis, support the use of CJA funds for client lodging and subsistence and necessary return travel.  These conditions are present here.

   For federal defender organization clients, the FDO would use (in consultation with DSO) their office's funds to pay for such travel.  A court order would not be necessary, as the FDO has the authority to expend its own funds in accordance with judiciary and Defender Services policies. CJA panel attorneys must then obtain prior approval from the court (or its delegate, such as a CJA supervising attorney) for any client travel to be funded by the CJA.  The court should find that a *bona fide* independent defense purpose exists to support CJA funding of the client's travel. If approved, funding is provided as a reimbursement of the attorney's out-of-pocket expenses.  Second Circuit Case Budgeting Attorney Alan Nelson is available to consult on these issues if that would be helpful.

The Honorable Lewis J. Liman                                                                                                   *U.S. v. Siegel*
September 22, 2023

      I have conferred with the government, and the government takes no position regarding these requests.

      Accordingly, because it would require time to obtain these orders and coordinate Ms. Siegel's travel if Ms. Siegel is not allowed to appear virtually, I respectfully ask for a three-week adjournment so that I may help facilitate her travel.

      I appreciate Your Honor's consideration of these requests.

                                      Respectfully,

                                      /s/ Michael Hueston

cc:     Counsel of Record