UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                               :
:
-v-                                                      :          23-CR-207 (LJL)
:
DANIELLE SIEGEL,                                                        :          ORDER
:
Defendant.                                               :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Danielle Seigel applies pro se for early termination of her term of supervised release. Dkt. No. 68.

      On September 13, 2024, the Court sentenced Siegel to a term of imprisonment of four months followed by a term of supervised release of one year, the first three months of which were to be spent in home detention. Dkt. No. 58 at 2-3. The Court also ordered outpatient mental health treatment as a special condition of supervised release. Id. at 5.

      Section 3583(e)(1) of Title 18 of the United States Code empowers the Court to terminate a term of supervised release at any time after the expiration of one year of a supervised release term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). The Court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). In short, the Court is required to consider the factors in Section 3553(a) "which bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.' " United States v. Gonzalez, 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997)). The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. (n.5) (2021 manual). "Early termination 'is not warranted as a matter of course.' " United States v. Wheeler, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting United States v. Fenza, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)). On occasion, "changed circumstances" may make it appropriate for a court to reduce a term of supervised release. Lussier, 104 F.3d at 36. Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release which may "render a previously imposed term or condition of release ... too harsh or inappropriate tailored to serve the general

punishment goals of section 3553(a)." Id. However, new or changed circumstances are not required so long as the Court considers the 18 U.S.C. § 3553(a) sentencing factors. See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

      Siegel states that she has complied with all of the terms of her supervised release, has stayed out of legal trouble, and has sought ongoing mental health support. Dkt. No. 68 at 1. But all persons on supervised release are expected to comply with the terms of supervised release. The Court imposed the one-year term of supervised release in the interests of deterrence, proportionality and consistency. Siegel has not demonstrated a basis for the Court to exercise its discretion to shorten her term of supervised release. The motion to terminate supervised release is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to Danielle Siegel and to close the motion at Dkt. No. 68.

SO ORDERED.

Dated: September 8, 2025
      New York, New York

                                           LEWIS J. LIMAN
                                   United States District Judge